Jeffrey W. Herrmann
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 Plaza West – One
Saddle Brook, New Jersey 07663
(201) 845-9600

Lester L. Levy
Michele F. Raphael
James Kelly-Kowlowitz
WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, New York 10022
(212) 759-4600

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA SMAJLAJ, DIANE SEMON, WENDY KATES, CHRISTINE VELEZ, and BARBARA DOSTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CAMPBELL SOUP COMPANY and CAMPBELL SALES COMPANY,<br><br>Defendants. | Civil Action No. 10-CV-1332-JBS-AMD<br><br>AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs Rosa Smajlaj, Diane Semon, Wendy Kates, Christine Velez, and Barbara Doster, (hereinafter, "Plaintiffs"), by their attorneys, Cohn Lifland Pearlman Herrmann & Knopf LLP and Wolf Popper LLP, allege the following upon information and belief, except for those allegations that pertain to Plaintiffs, which are based on Plaintiffs' personal knowledge:

**NATURE OF THE ACTION**

1.     Plaintiffs bring this action individually, and on behalf of all other persons who

purchased Campbell's 25% Less Sodium Tomato Soup or Campbell's 30% Less Sodium Healthy Request Tomato Soup (the "Class") at anytime from September 1, 2009 to the present (the "Class Period").  As alleged herein, Campbell Soup Company and the Campbell Sales Company ("Campbell" or "Defendants") engaged in, and continues to engage in, unconscionable business practices and deceptive acts in connection with the marketing and sale of its tomato soup which have injured Plaintiffs and the Class and which will continue to injure consumers unless the practices are stopped.

2.      During the Class Period, Campbell engaged in a common plan and scheme through the use of omissions and misleading representations on its products and website to fool consumers into purchasing higher priced versions of its products.  In addition to Campbell's regular condensed tomato soup ("Regular Tomato Soup"), during the Class Period, Campbell also marketed a 25% less sodium version of its Regular Tomato Soup ("25% Less Sodium Tomato Soup").  Also during the Class Period, Campbell marketed a 30% less sodium version of its Regular Tomato Soup ("30% Less Sodium Healthy Request Tomato Soup").  As detailed below, through deceptive and misleading marketing materials, including misleading product labels, Campbell has led consumers to believe that Campbell's 25% Less Sodium Tomato Soup actually contained 25% less sodium than its Regular Tomato Soup, even though both of the soups contained the same 480 mg of sodium per serving.  Campbell has misled consumers into believing that Campbell's 30% Less Sodium Healthy Request Tomato Soup contained 30% less sodium than Campbell's Regular Tomato Soup, when it did not.   The 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup sold for higher prices than the Regular Tomato Soup.

3.      Campbell's conduct alleged herein constitutes an unconscionable and deceptive

167963-1                                    - 2 -

commercial practice in violation of the New Jersey Consumer Fraud Act and a breach of express warranties.  Plaintiffs seek an order enjoining such practices, as well as monetary damages.

## PARTIES

4.    Plaintiff Rosa Smajlaj ("Mrs. Smajlaj") is a citizen of the State of New York. Mrs. Smajlaj purchased Campbell's 25% Less Sodium Tomato Soup during the Class Period. Since September of 2009, she regularly purchased Campbell's 25% Less Sodium Tomato Soup in various stores in New York.  She purchased the cans after viewing misleading statements and representations on the labels of the cans which led her to believe that the Campbell's 25% Less Sodium Tomato Soup had 25% less sodium than Campbell's Regular Tomato Soup, and was therefore worth paying the extra cost.  Mrs. Smajlaj paid, on average, $.50 more per can for the 25% Less Sodium Tomato Soup than Campbell's Regular Tomato Soup because she believed that the 25% Less Sodium Tomato Soup to be more valuable than Campbell's Regular Tomato Soup because it supposedly contained 25% less sodium.

5.    Plaintiff Diane Semon ("Mrs. Semon") is a citizen of the State of New Jersey. Mrs. Semon regularly purchased Campbell's 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup in retail stores located in New Jersey during the Class Period.  She purchased the cans of 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup after viewing misleading statements and representations on the labels of the cans which led her to believe that the Campbell's 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup had 25% less and 30% less sodium, respectively, than Campbell's Regular Tomato soup.  Mrs. Semon paid, on average, $.40-$.80 more for each can of the 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup than Campbell's Regular Tomato Soup because she believed that the 25%

Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup were more valuable than Campbell's Regular Tomato Soup, because they supposedly contained 25% and 30% less sodium, respectively.

6.      Plaintiff Wendy Kates ("Mrs. Kates") is a citizen of the State of New Jersey. Mrs. Kates regularly purchased Campbell's 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup in retail stores located in New Jersey during the Class Period. She purchased said cans of 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup after viewing misleading statements and representations on the labels of the cans which led her to believe that the Campbell's 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup had 25% and 30% less sodium than Campbell's Regular Tomato soup, respectively, Mrs. Kates paid, on average, between $.40 and $.80 more for each can of the 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup than Campbell's Regular Tomato Soup, because she believed that the 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup were more valuable than Campbell's Regular Tomato Soup because they contained 25% and 30% less sodium, respectively. During the Class Period, Mrs. Kates also visited the Campbell's website to look for coupons and recipes. She made some purchases of the 25% Less Sodium Tomato Soup after viewing the website.

7.      Plaintiff Christine Velez ("Ms. Velez") is a citizen of the State of New Jersey. Ms. Velez regularly purchased Campbell's 25% Less Sodium Tomato Soup in retail stores located in New Jersey during the Class Period. She purchased said cans of 25% Less Sodium Tomato Soup after viewing misleading statements and representations on the labels of the cans and Campbell's website which led her to believe that the Campbell's 25% Less Sodium Tomato

Soup had 25% less sodium than Campbell's Regular Tomato soup.  Ms. Velez paid on average $.50 more per can for the 25% Less Sodium Tomato Soup because she believed that the 25% Less Sodium Tomato Soup was more valuable than Campbell's Regular Tomato Soup because it contained 25% less sodium.  Ms. Velez would not have purchased Campbell's 25% Less Sodium Tomato Soup if she knew that it had the same amount of sodium as Campbell's Regular Tomato Soup.

8.      Plaintiff Barbara Doster ("Ms. Doster") is a citizen of the State of New Jersey. Ms. Doster regularly purchased Campbell's 25% Less Sodium Tomato Soup in retail stores located in New Jersey during the Class Period.  She purchased said cans of 25% Less Sodium Tomato Soup after viewing misleading statements and representations on the labels of the cans which led her to believe that the Campbell's 25% Less Sodium Tomato Soup had 25% less sodium than Campbell's Regular Tomato Soup.  Ms. Doster paid, on average, $.20-$.50 more per can for the 25% Less Sodium Tomato Soup than Campbell's Regular Tomato Soup because she believed that the 25% Less Sodium Tomato Soup was more valuable than Campbell's Regular Tomato soup because it contained 25% less sodium.

9.      Defendant Campbell Soup Company is organized and existing under the laws of the State of New Jersey, with its corporate headquarters and principal place of business located at 1 Campbell Place, Camden, New Jersey 08103.  Campbell was, and is, doing business within this Judicial District.  Campbell Soup Company marketed and sold its 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup, throughout the United States during the Class Period.

10.     Defendant Campbell Sales Company is organized and existing under the laws of the State of New Jersey, with its corporate headquarters and principal place of business located at

1 Campbell Place, Camden, New Jersey 08103.  Campbell Sales Company is a wholly-owned subsidiary of Campbell Soup Company.  Campbell Sales Company sells the Campbell brand of soup, including the 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup, to retailers or distributors in the United States for eventual purchase by consumers, like Plaintiffs.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over this class action pursuant to 28 U.S.C. §1332(d)(2).  The claims of the Class members in this class action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and the total number of members of the proposed Class is greater than 100.

12.     This Court has personal jurisdiction over Defendants because their main corporate headquarters and principal place of business is located within this District.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants' principal place of business is within the District.   Upon information and belief, Defendants' creation and dissemination of the misleading statements and omissions described herein, including the labels on the cans of the 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup, and the statements on Campbell's website, all originated in New Jersey.

## FACTUAL ALLEGATIONS

14.     Campbell's condensed tomato soup is one of Campbell's most popular soups.

15.     Campbell markets and/or marketed what it purports to be healthier versions of its Regular Tomato Soup, including the 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup.

16.     During the Class Period, Campbell engaged in a common plan and scheme of omitting material information and making omissions and misleading representations on its products and website to induce consumers to purchase higher priced versions of its products.

## 25% LESS SODIUM TOMATO SOUP

17.     Campbell's first began to market and sell its 25% Less Sodium Tomato Soup in 2006.  In a press release dated February 22, 2006, and titled "Campbell Announces Major Sodium Reduction Plans for Top-Selling Soups," Campbell stated in relevant part:

> Campbell Soup Company (NYSE:CPB) today announced a major initiative to reduce sodium in its soups and beverages. The company will offer new versions of its top-selling soups and reformulate some of its existing soups and beverages with less sodium. The reduction efforts will utilize a unique, all-natural sea salt to help lower sodium by at least 25 percent, directly impacting one-third of Campbell's soup volume in the United States. Campbell is the world's largest soup company, with soup accounting for nearly half of the company's annual $7.5 billion in sales.

> The company's sodium reduction initiatives include:

> --  Introducing additional versions of its three top-selling soups in the famous red and white can – "Campbell's" Chicken Noodle, "Campbell's" Tomato and "Campbell's" Cream of Mushroom soups -- each with 25 percent less sodium…

18.     During the Class Period, Campbell's Regular Tomato Soup contained 480mg of sodium per serving, which is the same amount of sodium that was contained in its 25% Less Sodium Tomato Soup.

19.     Campbell charged more for its 25% Less Sodium Tomato Soup than its Regular Tomato Soup.

20.     Campbell marketed its 25% Less Sodium Tomato Soup to mislead consumers into believing that the 25% Less Sodium Tomato Soup had 25% less sodium than its Regular Tomato Soup so that they would pay more for the purported reduced sodium version.

21.     During the Class Period, cans of Campbell's 25% Less Sodium Tomato Soup

touted that the soup contains "25% LESS SODIUM THAN OUR REGULAR PRODUCT" (displayed below).  Given that Campbell also markets and sells its Regular Tomato Soup, customers are led to believe that the "THAN OUR REGULAR PRODUCT" reference is a comparison to Campbell's Regular Tomato Soup.  The fact that the Regular Tomato soup is displayed on shelves in proximity to the 25% Less Sodium Tomato Soup further leads customers to believe that the "THAN OUR REGULAR PRODUCT" reference is a comparison to Campbell's Regular Tomato Soup, and entices them to pay more for the purported reduced sodium version.

22.     Campbell did not disclose that "THAN OUR REGULAR PRODUCT" refers to an undefined, hodge podge of its other soups (arguably those containing very high sodium levels).



23.     Also, during the Class Period, cans of Campbell's 25% Less Sodium Tomato

Soup similarly touted that they contain "25% LESS SODIUM THAN REGULAR CONDENSED SOUP" (displayed below).  Again, given that Campbell also markets and sells the Regular Tomato Soup, customers are led to believe that the "THAN REGULAR CONDENSED SOUP" reference is a comparison to Campbell's Regular Tomato Soup. Additionally, because the Regular Tomato soup is displayed on shelves in proximity to the 25% Less Sodium Tomato Soup, this further leads customers to believe that the "THAN REGULAR CONDENSED SOUP" reference is a comparison to Campbell's Regular Tomato Soup. Campbell further represents, in very fine print, that "this product contains 480mg of sodium versus an average of 830mg for our regular condensed soup."  If seen, this further leads consumers to believe that the 25% Less Sodium Tomato Soup is being compared to one single flavor of soup -- the Regular Tomato Soup (as opposed to an undisclosed bunch of soups). Campbell's use of the singular "soup" is further misleading given that it is coupled with a picture of Campbell's Regular Tomato Soup and the caption "The famous taste…with less salt!"

24.     Campbell's label is completely misleading and was designed to entice customers to purchase and pay more for the 25% Less Sodium Tomato Soup.

25.     Campbell did not disclose on the can that "THAN REGULAR CONDENSED SOUP" refers to an undefined, hodge podge of soups (arguably, those with high sodium content).

26.     Campbell omits to disclose to Plaintiffs and the Class that the 25% Less Sodium version has the same sodium content as its lower priced Regular Tomato Soup.



      27.    Also during the Class Period, Campbell misleadingly marketed its 25% Less Sodium Tomato Soup to Class members through its website, http://www.campbellsoup.com.  In the "Family Favorites" section of its website, Campbell displayed its three most popular condensed soups – Regular Tomato Soup, Chicken Noodle Soup, and Cream of Mushroom Soup.  Campbell displayed the 25% Less Sodium Tomato Soup together with the Regular Tomato Soup, leading consumers to believe that the 25% Less Sodium Tomato Soup had 25% less sodium than the Regular Tomato Soup.  *See* Exhibit A attached hereto (a screen-shot of the "Family Favorites" section of Campbell's website shortly before this action was filed on March 12, 2010).

      28.    In addition, upon information and belief, from the beginning of the Class Period, up until shortly after the filing of the initial complaint in this action on March 12, 2010, Campbell represented on its website that its 25% Less Sodium Tomato Soup contained "25% LESS SODIUM THAN OUR REGULAR PRODUCT."  Because Campbell also markets the Regular Tomato Soup on its website, this leads consumers to believe that the "THAN OUR REGULAR PRODUCT" reference on the can of the 25% Less Sodium Tomato Soup refers to

Campbell's Regular Tomato Soup.

29.     After Plaintiff Smajlaj filed her initial complaint in this action, Campbell apparently removed all references to the 25% Less Sodium Tomato Soup from its website.  *See* Exhibit B attached hereto (attaching a screen-shot of the "Family Favorites" section of Campbell's website as it existed shortly before the filing of this amended complaint).

**HEALTHY REQUEST SOUP**

30.     During the Class Period, Campbell's Healthy Request version of its tomato soup available for sale to consumers stated that the soup contains "30% LESS SODIUM THAN OUR REGULAR PRODUCT" (displayed below).  Again, because Campbell's also sells the Regular Tomato Soup, customers are led to believe that the "REGULAR PRODUCT" reference on the cans of the 30% Less Sodium Healthy Request Tomato Soup refers to Campbell's Regular Tomato Soup.  Customers are further misled because the 30% Less Sodium Healthy Request Tomato Soup is sold on shelves in proximity to the Regular Tomato Soup.



31.     However, during the Class Period, Campbell's Regular Tomato Soup had 480mg of sodium per serving and the 30% Less Sodium Healthy Request Tomato Soup had 470mg of sodium, only 2% less sodium than the Regular Tomato Soup.

32.     Campbell omits to disclose to Plaintiffs and the Class that the 30% Less Sodium Healthy Request Soup had only 2% less sodium than its Regular Tomato Soup.

33.     In addition, Campbell misleadingly implied in marketing materials during the Class Period that its 25% Less Sodium Tomato Soup contained 25% less sodium than Campbell's Regular Tomato Soup, and that its 30% Less Sodium Healthy Request Tomato Soup contained 30% less sodium than Campbell's Regular Tomato Soup.

34.     Campbell's 25% Less Sodium Tomato Soup and its 30% Less Sodium Healthy Request Tomato Soup were sold during the Class Period, and are continuing to be sold, for

substantially higher prices than Campbell's Regular Tomato Soup. (*See, e.g.,* Ben Popken, *Zero Nutritional Difference Between Campbell's "Healthy" Tomato Soups And Regular, Just Higher Price*, The Consumerist, March 5, 2010 (http://consumerist.com/2010/03/tomato-soup.html).

35. Plaintiffs and the members of the Class purchased Campbell's 25% Less Sodium Tomato Soup after viewing one or more of the misleading 25% Less Sodium Tomato Soup cans described above and/or the misleading statements described above on Campbell's website, because said cans and statements led them to believe that the Campbell's 25% Less Sodium Tomato Soup contained 25% less sodium than Campbell's Regular Tomato soup.

36. As a result of Campbell's omissions and misrepresentations described herein, Campbell was able to, and did, charge more for the 25% Less Sodium Tomato Soup than its Regular Tomato Soup.

37. Plaintiffs and the Class overpaid for the 25% Less Sodium Tomato Soup they purchased during the Class Period because the value of paying more for the soup because it had 25% less sodium than Campbell's Regular Tomato soup was illusory.

38. Defendants' omissions and misrepresentations described herein caused Plaintiffs and the members of the Class to make their purchases of Campbell's 25% Less Sodium Tomato Soup during the Class Period. Defendants' omissions, misrepresentations, and unconscionable conduct described herein allowed them to sell the 25% Less Sodium Tomato Soup for more money than Defendants' Regular Tomato Soup. Were it not for Defendants' unconscionable practices, Plaintiffs and the Class would not have purchased the 25% Less Sodium Tomato Soup at the higher price, or they would have purchased Campbell's Regular Tomato Soup at a lower price. Accordingly, Plaintiffs and the Class suffered an ascertainable loss as a result of being improperly induced to pay more for the 25% Less Sodium Tomato Soup during the Class Period.

39.     Several of the Plaintiffs and the members of the Class purchased 30% Less Sodium Healthy Request Tomato Soup after viewing the misleading 30% Less Sodium Healthy Request Tomato Soup can described above.   The omissions and misstatements led them to believe that the Campbell's 30% Less Sodium Healthy Request Tomato Soup had 30% less sodium than Campbell's Regular Tomato soup.   Defendants' omissions, misrepresentations, and unconscionable conduct described herein allowed them to sell the 30% Less Sodium Healthy Request Tomato Soup for more money than Defendants' Regular Tomato Soup.   Were it not for Defendants' unconscionable practices, Plaintiffs and the Class would not have purchased the 30% Less Sodium Healthy Request Tomato Soup at a higher price or they would have purchased Campbell's Regular Tomato Soup at a lower price.   Accordingly, Plaintiffs and the Class suffered an ascertainable loss as a result of being improperly induced to pay more for the 30% Less Sodium Healthy Request Tomato Soup during the Class Period.

## CLASS ALLEGATIONS

40.     Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3) (the "Class").  The proposed Class consists of:

> All persons residing in the United Stated who purchased Campbell's 25% Less Sodium Tomato Soup and/or 30% Less Sodium Healthy Request Tomato Soup at anytime from September 1, 2009 to the present;

41.     Plaintiffs also bring this suit as a class action on behalf of the following subclass ("New Jersey State Subclass"):

> All persons residing in the State of New Jersey who purchased Campbell's 25% Less Sodium Tomato Soup and/or 30% Less Sodium Healthy Request Tomato Soup at anytime from September 1, 2009 to the present.

42.     The Class and the New Jersey Subclass are referred to herein jointly as the

"Class."

43.     The members of the Class are so numerous that joinder is impracticable. At a minimum, thousands of persons purchased Campbell's 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup during the Class Period.  Moreover, thousands more will purchase Campbell's 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup based on the omissions and misleading statements described herein if Campbell's practices are not stopped.

44.     Plaintiffs' claims are typical of the claims of the entire Class as they purchased Campbell's 25% Less Sodium Tomato Soup and/or Campbell's 30% Less Sodium Healthy Request Tomato Soup based on Campbell's material misstatements and/or omissions described herein during the Class Period and sustained damages as a result of Campbell's conduct.

45.     Plaintiffs will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).  Plaintiffs have no interests antagonistic to those of other Class members.  Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them.

46.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

a)  whether Defendants wrongfully suggested that its 25% Less Sodium Tomato Soup had 25% less sodium that its Regular Tomato Soup;

b)  whether Defendants wrongfully suggested that its 30% Less Sodium Healthy Request Tomato Soup had 30% less sodium that its Regular Tomato Soup;

c)  whether Defendants' acts and practices in connection with the promotion and sale of its 25% Less Sodium Tomato Soup and/or 30% Less Sodium Healthy Request Tomato Soup violated the New Jersey Consumer Fraud Act;

d)  whether Defendants' acts and practices in connection with the promotion and sale of its 25% Less Sodium Tomato Soup and/or 30% Less Sodium Healthy Request Tomato Soup constituted unconscionable commercial practices in violation of the New Jersey Consumer Fraud Act;

e)  whether Defendants' acts and practices in connection with the promotion and sale of its 25% Less Sodium Tomato Soup and/or 30% Less Sodium Healthy Request Tomato Soup constituted deception in violation of the New Jersey Consumer Fraud Act;

f)  whether Defendants' conduct, as set forth herein, damaged members of the Class and if so, the, the measure of those damages;

g)  whether Defendants' acts and practices and omissions in connection with the promotion and sale of its 25% Less Sodium Tomato Soup and/or 30% Less Sodium Healthy Request Tomato Soup should be enjoined;

h)  whether the New Jersey Consumer Fraud Act should apply to all class members; and

i)  the nature and extent of any other relief that should be provided.

47.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.  Plaintiffs know of no

difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

48.     Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendants have acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

49.     Class members have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct.

## **FIRST CAUSE OF ACTION**

### **Violation of New Jersey Consumer Fraud Act**
### (**N.J.S.A. 56:8-1** *et seq.*)

50.      Plaintiffs reallege and incorporate by reference each allegation contained in Paragraphs 1 through 49 and further allege as follows:

51.      The New Jersey Consumer Fraud Act prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise" including any sale or distribution of any services.  N.J.S.A. 56:8-2; N.J.S.A. 56:8-1(c), (e).

52.     Defendants' marketing of its 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup falls within the purview of the New Jersey Consumer Fraud Act.

53.     The New Jersey Consumer Fraud Act applies to all of the Class members because the Defendants are incorporated and existing under the laws of New Jersey and their main

corporate headquarters and principal place of businesses are located within the State of New Jersey.  In addition, a substantial part of the events giving rise to the claims occurred in the State of New Jersey.  Specifically, Campbell Soup Company, through one or more of its wholly-owned subsidiaries, manufactures its soup in New Jersey, and, upon information and belief, manufactured and marketed in New Jersey the 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup that Plaintiffs purchased during the Class Period.  In addition, upon information and belief, Defendants created and effectuated in New Jersey, the omissions and misleading statements described herein, including the labels on the cans of the 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup, and the statements on Defendants' website.

54.    Defendants, as corporations, companies or sellers, are each a "person" within the meaning of the New Jersey Consumer Fraud Act, and as such are prohibited from engaging in unconscionable business practices and deceptive acts.

55.    As detailed herein, during the Class Period, Campbell engaged in a common plan and scheme through the use of omissions and misleading representations on its products and website to induce consumers to purchase higher priced versions of its products.

56.    The omissions as to the facts that the sodium content comparisons for the 25% Less Sodium Tomato Soup and the 30% Less Sodium Healthy Request Tomato Soup were <u>NOT</u> comparisons to Campbell's Regular Tomato Soup but rather some conglomerate of other types of soups, were material and made with the intent that consumers rely thereon.

57.    Defendants' conduct with respect to the promotion and marketing of their 25% Less Sodium Tomato Soup, including, through omissions, suggesting to consumers that the 25% Less Sodium Tomato Soup has 25% less sodium than the Regular Tomato Soup when it does

not, constitutes unconscionable commercial practices, deceptions, frauds, false promises or misrepresentations of material facts and a knowing concealment, suppression and omission of a material fact with the intent that others rely upon such concealment suppression or omission.

58.     In addition, Defendants' conduct with respect to the promotion and marketing of their 30% Less Sodium Healthy Request Tomato Soup, including, through omissions, suggesting to consumers that the 30% Less Sodium Healthy Request Tomato Soup has 30% less sodium than the Regular Tomato Soup when it in fact had only 2% less sodium, constitutes unconscionable commercial practices, deceptions, frauds, false promises or misrepresentations of material facts and a knowing concealment, suppression and omission of a material fact with the intent that others rely upon such concealment suppression or omission.

59.     Defendants' business practices described herein have created an impression that is misleading and deceptive to the ordinary or average consumer.

60.     Plaintiffs and the members of the Class purchased Campbell's 25% Less Sodium Tomato Soup after viewing one or more of the misleading 25% Less Sodium Tomato Soup cans described above and/or the misleading statements described above on Campbell's website, because said misleading cans and misstatements led them to believe that the Campbell's 25% Less Sodium Tomato Soup had 25% less sodium than Campbell's Regular Tomato soup.  As a result of Campbell's misrepresentations and omissions described herein, Plaintiffs and the Class overpaid for the 25% Less Sodium Tomato Soup they purchased during the Class Period because the value of paying more for the soup because it had 25% less sodium than Campbell's Regular Tomato soup was illusory.  Defendants' misrepresentations and omissions described herein caused Plaintiffs and the members of the Class to make their purchases of Campbell's 25% Less Sodium Tomato Soup during the Class Period.  Were it not for Defendants' unconscionable

practices, Plaintiffs and the Class would not have purchased the 25% Less Sodium Tomato Soup at a higher price or they would have purchased Campbell's Regular Tomato Soup at a lower price. Accordingly, Plaintiffs and the Class suffered an ascertainable loss as a result of being improperly induced to pay more for the 25% Less Sodium Tomato Soup during the class period.

61.     Plaintiffs and the members of the Class purchased 30% Less Sodium Healthy Request Tomato Soup after viewing the misleading 30% Less Sodium Healthy Request Tomato Soup can described above, because said misleading can led them to believe that the Campbell's 30% Less Sodium Healthy Request Tomato Soup had 30% less sodium than Campbell's Regular Tomato soup. Defendants' misrepresentations and/or omissions described herein caused Plaintiffs and the members of the Class to make their purchases of Campbell's 30% Less Sodium Healthy Request Tomato Soup during the Class Period. Had Plaintiffs and the Class been aware that the 30% Less Sodium Healthy Request Tomato Soup had almost the same exact amount of sodium than Campbell's Regular Tomato Soup, they would not have purchased the 30% Less Sodium Healthy Request Tomato at a higher price or they would have purchased Campbell's Regular Tomato Soup at a lower price. Accordingly, Plaintiffs and the Class suffered an ascertainable loss as a result of being improperly induced to pay more for the 30% Less Sodium Healthy Request Tomato Soup.

## SECOND CAUSE OF ACTION

### Breach of Express Warranty

62.     Plaintiffs reallege and incorporate by reference each allegation contained in Paragraphs 1 through 61 and further allege as follows:

63.     Defendants warranted that their 25% Less Sodium Tomato Soup contained 25% less sodium than their Regular Tomato Soup, and that their 30% Less Sodium Healthy Request

Tomato Soup contained 30% less sodium than their Regular Tomato Soup.  Defendants breached this warranty because their 25% Less Sodium Tomato Soup did not contain 25% less sodium than Defendants' Regular Tomato Soup as Defendants represented, and Plaintiffs and the members of the Class were harmed thereby.  In addition, Defendants breached this warranty because the 30% Less Sodium Healthy Request Tomato Soup did not contain 30% less sodium than Defendants' Regular Tomato Soup as Defendants represented, and Plaintiffs and the members of the Class were harmed thereby.

64.     As a direct and proximate result of Defendants' breach of express warranty, Plaintiffs and the members of the Class suffered economic loss.

### THIRD CAUSE OF ACTION

**Request for Injunctive Relief**

65.      Plaintiffs reallege and incorporate by reference each allegation contained in Paragraphs 1  through  64, except for the allegations related solely to monetary damages, and further allege as follows:

66.     Because the misleading statements and omissions described above are still contained on cans of 25% Less Sodium Tomato Soup and 30% Less Sodium Healthy Request Tomato Soup for sale to the public, Defendants are continuing to violate the New Jersey Consumer Fraud Act and Class members are continually being injured by Defendants' unlawful conduct described herein.

67.     Plaintiffs seek an order for preliminary and/or permanent injunctive relief requiring Defendants to (i) undertake an immediate public information campaign to inform members of the proposed Class that Campbell's 25% Less Sodium Tomato Soup has the same amount of sodium as the Regular Tomato Soup, and that the 30% Less Sodium Healthy Request

Tomato Soup only has 2% less sodium than its Regular Tomato Soup; (ii) discontinue advertising, marketing, packaging and otherwise representing their 30% Less Sodium Healthy Request Tomato Soup as having less sodium than the Regular Tomato Soup; (iii) discontinue advertising, marketing, packaging and otherwise representing their 25% Less Sodium Tomato Soup as having less sodium than the Regular Tomato Soup; and (iv)  take offending cans off the shelves.

68.     Unless Defendants' conduct is enjoined, consumers will continue to be deceived into believing that they are buying versions of Campbell's condensed tomato soup that have 25% and 30% less sodium than Campbell's Regular Tomato Soup, and pay more therefore.

69.     There is no adequate remedy at law.  Such harm will continue unless and until injunctive relief is granted.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all others similarly situated, prays for judgment against Defendants as follows:

(a) determining that this action is properly brought as a class action and certifying Plaintiffs as representatives of the Class and their counsel as Class counsel;

(b) awarding Plaintiffs and the proposed Class members their damages, trebled;

(c) awarding preliminary and permanent injunctive relief restraining Defendants from continuing the unlawful practices set forth herein;

(d) awarding attorneys' fees and costs and expert fees and reimbursement of costs and expenses expended in litigating this action; and

(e) granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all claims so triable.

DATED: June 14, 2010

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

By: _s/ Jeffrey W. Herrmann_
Jeffrey W. Herrmann
Peter S. Pearlman
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
(201) 845-9600

Lester L. Levy
Michele F. Raphael
James Kelly-Kowlowitz
WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
(212) 759-4600

_Counsel for Plaintiffs and the Class_

167963-1                                          - 23 -