UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ROSA SMAJLAJ, DIANE SEMON, WENDY KATES, CHRISTINE VELEZ, and BARBARA DOSTER, on behalf of themselves and on behalf of all others similarly situated,

      Plaintiffs,

v.

CAMPBELL SOUP COMPANY and CAMPBELL SALES COMPANY,

      Defendants.

Civil Action No.: 10-cv-01332-JBS-AMD

---

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

  WHEREAS, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Parties seek entry of an order preliminarily approving the settlement of this Action pursuant to the Settlement Agreement and Release fully executed on July 27, 2011 (the "Settlement" or "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

  WHEREAS, the Court, having read and considered the Agreement and its exhibits;

  NOW, THEREFORE, IT IS ORDERED ON THIS 9th DAY OF Aug. 2011, THAT:

  1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

  2. For purposes of the settlement of this Litigation, the Court has subject matter and personal jurisdiction over the Parties and the Settlement Class Members.

  3. The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

1

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All purchasers, since July 1, 2009, through the filing of the Application for Preliminary Approval, in the United States, including the District of Columbia, the territories and possessions of the United States, and/or the Commonwealth of Puerto Rico, of the Products; other than: (i) Campbell Soup and Campbell Sales and their employees and immediate families, and (ii) Persons who purchased the Products for resale.

5.      Regarding the Settlement Class, the Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the Named Plaintiffs should serve as class representatives and the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. None of the Settlement Agreement, this Order, the requested Final Judgment, nor the fact of the Settlement constitutes or will constitute any admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

6.      The Court approves the form and content of the Summary Notice. The Court finds that the dissemination of the notice in the manner and form set forth in the Application for Preliminary Approval satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members entitled to such notices. The Settlement Administrator, Rust Consulting, Inc., shall cause the notice to be initially published in the form and manner presented to the Court on or before forty (40) days prior to the Final Approval Hearing. The Court authorizes the Parties to make non-material

2

modifications to the notice and to promulgate additional notices prior to publication if they jointly agree that any such changes and additions are necessary under the circumstances. A Claim Form and long form Class Notice shall be presented to the Court prior to dissemination to the Settlement Class Members.

7    If Settlement Class Members do not wish to participate in the Settlement, Settlement Class Members may exclude themselves. All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked on or before twenty (20) days prior to the Final Approval Hearing (the "Opt-Out Deadline"). If a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written Request for Exclusion shall (i) state the Class Member's full name, current address, and current telephone number; (ii) identify the quantity and variety of Product(s) purchased; (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class and (iv) the Class Member's signature. No Request for Exclusion will be valid unless all of the information described above is included. All Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

8.    Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of the Agreement may appear at the Final Approval Hearing to argue why the proposed Settlement and/or attorneys' fees, costs and expenses should not be approved. However, in order to be heard at the Final Approval Hearing, the Settlement Class Member must make an objection in writing and file it with the Court on or before twenty (20) days prior to the Final Approval Hearing (the "Objection Date"). To state a valid objection to the Settlement, an objecting Settlement Class Member must include in his/her/its written

objection: (i) his/her/its full name, current address, and current telephone number; (ii) the quantity and variety of Product(s) purchased, the place of purchase and the approximate date of the purchase in order to establish the basis for standing; (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iv) provide copies of any other documents that the objector wishes to submit in support of his/her/its position. To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection. The filing of the objection allows Class Counsel or Defendants' counsel to notice such objector for and take his or her deposition consistent with the Federal Rules of Civil Procedure, and to seek any documentary evidence or other tangible things that are relevant to the objection. Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, case contribution award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon all counsel (designated below) a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the Objection Date or on such other date that may be set forth in the notice to the class.. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. The objection must also be mailed to each of the following, postmarked by no later than the last day to file the objection: Class Counsel: Cohn Lifland Pearlman Herrmann & Knopf, LLP, Park 80 Plaza West-One, 250 Pehle Avenue, Suite 401, Saddle Brook, New Jersey 07663; and Ronald J. Levine, Herrick, Feinstein LLP, 210 Carnegie Center, Princeton, NJ 08540. Any Settlement Class Member who

does not make his/her/its objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement.

9. The Final Approval Hearing shall be held on Nov. 29, 2011 at 10:00 a.m. in Courtroom 4A of the United States District Court for the District of New Jersey, Camden, NJ, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for attorneys' fees and for a case contribution award should be approved. All papers in support of the Final Approval Hearing shall be filed on or before at least forty (40) days prior to the Objection Date. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

10. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

IT IS SO ORDERED

DATED: 8/9, 2011

Honorable Jerome B. Simandle, U.S.D.J.

## If You Bought Campbell's ® Condensed Tomato Soup Labeled "Less Sodium," You Could Get Money Back From a Class Action Settlement

A settlement has been proposed in a class action lawsuit about Campbell's 25% Less Sodium Condensed Tomato soup ("25% Less Sodium Soup") and Campbell's Healthy Request ® Condensed Tomato soup with a 30% Less Sodium banner on the label ("Soup Products"). The lawsuit, Smajlaj, et al. v. Campbell Soup Company, et al., District of New Jersey, 10-cv-01332-JBS-AMD, claims that the Soup Products' labeling misrepresented the relative sodium content of the Soup Products as compared with Campbell's traditional condensed tomato soup, which Campbell denies. The Court did not decide which side was right.

**Am I included?** You are included (called a Class Member) if you bought Soup Products between certain dates in the U.S. (including territories and possessions). Not included are Campbell's employees and immediate families, and purchasers of Soup Products for resale.

### The Settlement has two separate parts.

The first is a cash fund of $1,050,000 to pay Class Members and related expenses. Class Members who do not exclude themselves and who timely submit valid Claim Forms will be entitled to receive reimbursement for Soup Products bought between July 1, 2009 and August 4, 2011, by choosing one of three options:

1. If you bought more than 10 cans of 25% Less Sodium Soup, but have no receipts, you will have a claim for $10;
2. If you bought more than 10 cans of 25% Less Sodium Soup, or any amount of the Healthy Request Condensed Tomato soup with a 30% Less Sodium Banner on the label, and submit receipts, you will have a claim for 50¢ for each can bought; or
3. If you bought 10 or fewer cans of 25% Less Sodium Soup, you will have a claim for $5, whether or not you have receipts.

(The actual amount paid to individuals will depend on the number of valid claims made.)

The Court has appointed lawyers to represent Class Members. These lawyers will ask for fees of 25% of the settlement, plus expenses of no more than $18,000, from the Settlement fund.

The second benefit in the settlement is that Campbell will follow new labeling procedures that avoid inconsistent comparisons between the same varieties of reduced sodium condensed and regular condensed soup. Further details can be found at www.reducedsodiumsoupsettlement.com. Class Counsel will ask Campbell to pay attorneys' fees of $350,000 in connection with the second part of the settlement relating to the labeling procedure. That fee will not come from the fund.

**What are my options?**

You can stay in the Class and put in a claim for cash; or you can exclude yourself from the Class by sending a letter to the attorneys by November 9, 2011. The Court will hold a hearing at the U.S. District Court in Camden, NJ, Courtroom 4A, on November 29, 2011 at 10 a.m. to consider whether to approve the Settlement and attorneys' fees. You can stay in the Class, and object to the Settlement or appear at the hearing. (If objecting, you need to file a letter with the Court by November 9, 2011.) If you wish, you or your own lawyer may ask to appear and speak at the hearing at your own cost. If you do not exclude yourself, you will be bound by the Settlement, and you will not be able to sue Campbell for claims relating to the issues in this lawsuit.

**This notice is only a summary.   For detailed information and a Claim Form:**
Visit:www.reducedsodiumsoupsettlement.com
Call: 1-877-419-8084