UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ROSA SMAJLAJ, DIANE SEMON, WENDY KATES, CHRISTINE VELEZ, and BARBARA DOSTER, on behalf of themselves and on behalf of all others similarly situated,

          Plaintiffs,

v.

CAMPBELL SOUP COMPANY and CAMPBELL SALES COMPANY,

          Defendants.

Civil Action No.: 10-cv-01332-JBS-AMD

---

## ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs have moved for an order finally approving the class action settlement ("Settlement") which was preliminarily approved by Order dated August 9, 2011 ("Preliminary Approval Order"); and

WHEREAS, the Parties appeared by their attorneys of record at a Final Approval Hearing on November 29, 2011, after an opportunity having been given to all Class Members to comment on the Settlement in accordance with the Court's Preliminary Approval Order, and having given due consideration to the Parties' Settlement Agreement and Release and accompanying documents, including its attached exhibits ("Settlement Agreement"), all other papers filed in support of the Settlement by the Parties, and all other materials relevant to this matter;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED ON THIS ___ DAY OF __Nov. 29__, 2011 THAT:

    1.    This Order incorporates by reference the definitions in the Settlement Agreement,

and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes of this Litigation, the Court has subject matter and personal jurisdiction over the Parties and all Settlement Class Members, and venue is proper.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms its previous certification, and for purposes of effectuating the Settlement, the Settlement Class is defined as follows:

> All purchasers, since July 1, 2009, through August 4, 2011, in the United States, including the District of Columbia, the territories and possessions of the United States, and/or the Commonwealth of Puerto Rico, of the Products; other than: (i) Campbell Soup and Campbell Sales and their employees and immediate families, and (ii) Persons who purchased the Products for resale.

4. Regarding the Settlement Class, the Court has determined, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) the Named Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

5. Nothing in this Order and Final Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants.

6. Notice of this proposed Settlement has been provided in a manner consistent with the Preliminary Approval Order.

7. The Court has determined that the Notice that has been provided pursuant to the Settlement Agreement and the Preliminary Approval Order (a) provided the best practicable notice; (b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their right to appear or object to or exclude themselves from the proposed Settlement; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive Notice; and (d) fully complied with all applicable due process requirements and any other applicable law.

8. The Court has determined that full opportunity has been given to the Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses, and otherwise provide comments regarding the Settlement. No Class Members have objected to, or opted-out of, the Settlement. All Class Members are therefore Settlement Class Members who are bound by this Order and Final Judgment and by the terms of the Settlement Agreement.

9. The Court has carefully considered the materials before it and has made its independent judgment. The Named Plaintiffs and the Settlement Class Members face significant risks in the Litigation, the possibility of any greater ultimate recovery in litigation is highly speculative, and any such recovery would occur only after considerable additional passage of time. Moreover, the Parties have reached the Settlement Agreement after vigorous litigation, sufficient investigation and discovery, and extensive arm's-length negotiations absent collusion,

including a rigorous mediation proceeding. Accordingly, the Court finds and concludes that the Settlement is in the best interests of the Settlement Class and is a fair, reasonable, and adequate compromise of the claims asserted in the Litigation.

10. The Settlement, and the terms of Settlement as described in the Settlement Agreement are, accordingly, approved and confirmed as fair, reasonable and adequate to all Settlement Class Members.

11. The Parties are hereby directed to proceed with and implement the Settlement Agreement in accordance with its terms, and to take all steps reasonable and appropriate to provide Class Members with the benefits they are entitled to under the terms of the Settlement Agreement. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Settlement Agreement as (i) are consistent with this Order and Final Judgment, and (ii) which do not limit the rights of Class Members under the Settlement Agreement.

12. The Court dismisses the Litigation, on its merits and with prejudice, including all claims currently pending before it that belong to the Settlement Class Members, without fees or costs to any Party except as provided below or as set forth in the Settlement Agreement.

13. The releases set forth in the Settlement Agreement are incorporated herein by reference. As of this date, all Class Members shall be deemed to be bound by the Order and Final Judgment entered herein, and to have released the Plaintiffs' Released Persons as set forth in the Settlement Agreement. No Class Member, either directly, representatively, or in any other

capacity, shall commence, continue, or prosecute any action or proceeding against any or all of the Plaintiffs' Released Persons in any court or tribunal asserting any of the released claims, and are hereby permanently enjoined from so proceeding.

14. The Court, having considered the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees and expenses for creating the Settlement Fund in the amount of $277,882.33 to be paid from the Settlement Fund, and a fee in connection with non-fund benefits (labeling) in the amount of $350,000 to be paid by Defendants in addition to the Settlement Fund. The Court finds that the fees and expenses were fair and reasonable under the factors set forth in this Circuit. The Court also approves a case contribution award in the amount of $22,500 to be paid as follows: the award shall be allocated to the Named Plaintiffs and Rosa Smajlaj as set forth in the application filed by the Named Plaintiffs.

15. In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Final Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, and shall be vacated.

16. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

17. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, and all Settlement Class Members, and the execution, consummation, administration, effectuation and enforcement of the terms of the Settlement Agreement, and the terms of this Order and Final Judgment, including entry of any further orders as may be necessary and appropriate.

18. In accordance with Fed.R.Civ.P. Rule 54, there being no just reason to delay, the Clerk is directed to enter this Order and Final Judgment forthwith.

**IT IS SO ORDERED**

DATED: __Nov. 29__, 2011

_/s/ Jerome B. Simandle_
Honorable Jerome B. Simandle, U.S.D.J.